### Richmond

## ANTHONY GREGORY GARLAND

### V.

## COMMONWEALTH OF VIRGINIA

March 11, 1983.

Record No. 812239.

Present: All the Justices.

*J. Robert Neal, Jr.*, for appellant.
*Jacqueline G. Epps, Senior Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In a bench trial, Anthony Gregory Garland was convicted of possessing cocaine and sentenced to two years in the penitentiary. The dispositive question in this appeal is whether the evidence is sufficient to support the conviction. Finding it is not, we reverse.

On February 4, 1981, the police, executing a search warrant, entered a dwelling in the City of Charlottesville. Present in the house were Melanie Henderson and a young child. In a bedroom, the police found marijuana, hashish, a set of scales and other drug paraphernalia, and approximately four grams of cocaine.

In the same room, the officers found a hat, a size 33½ shirt, and shoes, all of which, according to the only officer to testify at trial, would fit the defendant. In a bedroom closet the officers discovered an expired Virginia operator's license issued to Garland. The officers also found a lease agreement for the dwelling, dated September, 1980, and expiring July, 1981, naming Garland and Henderson as lessees.

Although the house was under police surveillance for some time prior to the search, Garland was not seen at or near it, and there

was no testimony he resided there. When arrested, Garland had no drugs in his possession, and he made no statement to the police.

Our standard for determining sufficiency of the evidence is firmly established. The evidence and all reasonable inferences drawn therefrom shall be viewed in the light most favorable to the Commonwealth, and the judgment of the trial court will not be disturbed unless it is plainly wrong or without evidence to support it. *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982); *Carter v. Commonwealth*, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982). Further, where, as here, a conviction is based on circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." *Carter*, 223 Va. at 532, 290 S.E.2d at 867; *Inge v. Commonwealth*, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976).

Constructive possession of contraband may be shown by proof that the substance is known to the defendant and subject to his dominion and control. *Lane v. Commonwealth*, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); *Susan Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981). Knowledge of the presence and character of the drug may be shown by evidence of the acts, statements, or conduct of the accused. *Lane*, 223 Va. at 716, 292 S.E.2d at 360. While an accused's occupancy of the premises does not give rise to a presumption of possession, this factor may be considered with other evidence in determining whether a defendant constructively possessed drugs. *Id.*

The only evidence linking Garland to the residence was the lease, the operator's license, and the clothing. The most that could be reasonably inferred from the lease was that Garland had occupied the premises at some time. This, by itself, cannot sustain the conviction. The license, which had expired, does nothing to prove current occupancy. The clothing, which the officer testified would have fit Garland, also would have fit numerous others. No evidence was introduced to prove the clothing belonged to the defendant.

The evidence in this case, at most, creates a mere suspicion. "Suspicion, however, no matter how strong, is insufficient to sustain a criminal conviction." *Stover v. Commonwealth*, 222 Va.

618, 624, 283 S.E.2d 194, 197 (1981). Accordingly, we will reverse the judgment of the trial court and dismiss the indictment.

*Reversed and dismissed.*