COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


McARTHUR TABLES

MEMORANDUM OPINION[*] BY
v.    Record No. 1419-99-1          JUDGE RICHARD S. BRAY
                                      FEBRUARY 29, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Walter J. Ford, Judge

Charles E. Haden for appellant.

Stephen R. McCullough, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


     McArthur Tables (defendant) was convicted in a bench trial

for possession of cocaine with intent to distribute, a violation

of Code § 18.2-248.  On appeal, he complains that the evidence was

insufficient to support the conviction.  We agree and reverse the

decision of the trial court.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

The credibility of the witnesses, the weight accorded testimony,

and the inferences drawn from the proven facts are matters to be

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence.  See Code § 8.01-680.

Viewed accordingly, the record discloses that Hampton Police Officer Greg Williams stopped an automobile for a traffic violation at approximately 1:25 a.m. on May 4, 1998.  The vehicle was occupied by four persons, including the driver, two in both the front and rear.  Defendant was seated at the right rear, "staring into space" and "somewhat incoherent," appearing "intoxicated" or "under the influence of something."  After everyone exited the vehicle, Williams "shined [his] light" inside and observed "a baggy" of suspected cocaine,"[1] "on the floorboard" "right where [defendant's] feet were," and immediately arrested him for the instant offense.  No money or "smoking devices" were on defendant's person, and he denied knowledge of the drugs.

During the investigation, the driver was found in possession of scales and a "large sum of money" and was also arrested for a drug offense.[2]

---

[1] Subsequent analysis identified the substance as 29.9 grams of crack cocaine.

[2] The record suggests that the driver was convicted for possession of cocaine.

-

In challenging the sufficiency of the evidence to support the conviction, defendant argues that the Commonwealth failed to prove that he knowingly and intentionally possessed the offending drugs.

> To support a conviction based on constructive possession, as in this case, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  Thus, "'[s]uspicious circumstances, including the proximity to a controlled drug, are insufficient to support a conviction.'"  McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (en banc) (citation omitted); see also Code § 18.2-250(A).

Where "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).  However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

-

In Crisman v. Commonwealth, 197 Va. 17, 87 S.E.2d 796 (1955), the Supreme Court of Virginia addressed circumstances which mirror the instant record. Police stopped a vehicle occupied by five persons, including the two defendants, the Crisman brothers, both in the back seat. A search of the car revealed heroin on the rear floor, but everyone denied knowledge of the narcotics. In reversing the conviction, the Court concluded

> that it would be unreasonable to assume that the occupants of the front seat would have dropped the powder in the back of the car in plain view of the defendants. It appears equally unreasonable to assume that the occupants of the rear seat would have deposited the drug immediately under their feet rather than spill it to the winds through the car window. . . . Who put it there or who had possession of it before it was placed on the floor we do not know. The conclusion that the defendants, or either of them, possessed the drug is speculation rather than proof.

Id. at 20, 87 S.E.2d at 798-99.

Here, the drugs were discovered on the rear floor of a darkened car occupied by four persons, defendant, another person on the back seat with him, a driver then in possession of scales, a large sum of cash, and committing a drug offense, and an additional front seat passenger. Defendant, apparently heavily intoxicated and incoherent, made no furtive or suspicious movements before or after the stop, uttered no inculpating remark or statement, or otherwise incriminated

-

himself.  Such evidence, without more, clearly fails to exclude every reasonable hypothesis of defendant's innocence.

Accordingly, the evidence was insufficient to prove that defendant possessed the offending drugs, and we reverse the conviction.

<u>Reversed and final judgment</u>.