COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Senior Judge Hodges
Argued at Chesapeake, Virginia


DEBBY JO WALLMAN

MEMORANDUM OPINION[*] BY

v.    Record No. 0169-99-1       JUDGE RICHARD S. BRAY
                                      MAY 2, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Dianne G. Ringer, Senior Assistant Public
Defender, for appellant.

Steven A. Witmer, Assistant Attorney General
(Mark L. Earley, Attorney General; Donald E.
Jeffrey, III, Assistant Attorney General, on
brief), for appellee.


Debby Jo Wallman (defendant) was convicted in a bench trial

for possession of heroin in violation of Code § 18.2-250.  On

appeal, she contends that the evidence was insufficient to support

the conviction.  We agree and reverse the trial court.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

"On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence.  See Code § 8.01-680.  "However, a [trial court's] conclusion . . . based on evidence not in material conflict does not have the same binding weight on appeal." Durrette v. Durrette, 223 Va. 328, 332, 288 S.E.2d 432, 434 (1982).

I.

The instant record disclosed that Portsmouth Police Officer A.M. Williams observed a "pickup truck" stop unlawfully "on the side of the road" and a passenger exit the vehicle.  The driver, then alone, returned the truck to the roadway and "began taking off."  Williams "caught up," "activated [his] emergency equipment" and effected a stop.  Upon approaching the vehicle, Williams determined that defendant was the operator and requested her "license and registration."  Unable to produce a license, defendant, appearing "very nervous," confessed that her privileges had been suspended.  Williams then asked defendant "to step away from" the vehicle and placed her under arrest.

After securing defendant in the police car, Williams returned to the truck and "observed a purple Crown Royal liquor bag [on]

-

the driver's floorboard," "in plain view," "easily seen," directly below "where your knees are . . . when you're driving."  Opening the opaque bag, which was "pulled shut by [a] draw string," Williams discovered "numerous syringes, two metal spoons [with suspected heroin residue], and an empty deck of what [he] believed to be heroin."  Subsequent laboratory analysis identified the residue as heroin and cocaine.  Further investigation revealed that defendant's "live-in boyfriend" was the registered owner of the truck.

II.

> To support a conviction based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  "[T]he possession need not always be exclusive.  The defendant may share [the drugs] with one or more.  The duration of the possession is immaterial and need not always be actual possession."  Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970).  "Although mere proximity to the drugs is insufficient to establish possession, and occupancy of [a] vehicle does not give rise to a presumption of possession . . . both are factors which may be considered in

-

determining whether a defendant possessed drugs."  Josephs v. Commonwealth, 10 Va. App. 87, 100, 390 S.E.2d 491, 498 (1990) (en banc).

Where "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "Whether a hypothesis of innocence is reasonable is a question of fact, and a finding by the trial court is binding unless plainly wrong."  Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citation omitted).

Here, defendant was the operator of a vehicle owned by another, and no evidence established the duration of her possession or familiarity with the vehicle.  The bag containing the drug paraphernalia and attendant residue, although in "plain view" on the floorboard, was opaque and closed, its contents hidden from casual observation.  Apart from defendant's "nervous[ness]," a response consistent with anxiety attributable to her suspended license, the record reveals no furtive

-

movements, statements or other circumstances suggestive of an awareness that the bag contained contraband.  Such evidence fails to establish that defendant had the requisite knowledge of the presence and character of the offending contents.

Accordingly, we find the evidence insufficient and reverse the conviction.

<u>Reversed and dismissed</u>.