COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


HOWARD WILLIAM RICHARDS

MEMORANDUM OPINION[*] BY
v.   Record No. 0823-00-1       JUDGE WILLIAM H. HODGES
                                FEBRUARY 20, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Paul E. Turner, Jr., for appellant.

Stephen R. McCullough, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Appellant was convicted of possession of cocaine with the

intent to distribute and possession of heroin with the intent to

distribute.  On appeal, appellant contends that the evidence was

insufficient to prove that he possessed the drugs.  Appellant

argues that the evidence was entirely circumstantial and failed to

exclude every reasonable hypothesis of innocence.  We agree and

reverse.

"On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  <u>Archer v.</u>

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved that at approximately 11:00 p.m. on June 30, 1999, Officer James Vollmer was on patrol in a marked police vehicle and saw appellant standing at the curb of the roadway and "bent over at the waist." Appellant then walked to a yard of a nearby residence. Vollmer made a u-turn and returned to the location where appellant had been bent over. Vollmer found a plastic bag containing five bags of heroin and six bags of cocaine. The plastic bag was in the gutter under a crushed soda can. There had been a heavy rain earlier that evening and items in the gutter were wet. However, the plastic bag was not wet. Appellant told Vollmer that when he was bent over, he discarded a beer bottle. Vollmer testified that the only beer bottle on the street was located twenty feet from where appellant had bent over. No drugs or drug paraphernalia were found on appellant.

> To convict a defendant of illegal possession
> of drugs, the Commonwealth must prove that
> the defendant was aware of the presence and
> character of the drugs, and that he
> intentionally and consciously possessed
> them. . . . It is not necessary to show
> actual possession of the controlled
> substance. Constructive possession of a
> controlled substance may be shown by
> establishing that it was subject to his
> dominion or control. Such "possession may
> be proved by 'evidence of acts, declarations
> or conduct of the accused from which an
> inference may be fairly drawn that he knew

- 2 -

of the existence of narcotics at the place where they were found.'"

Josephs v. Commonwealth, 10 Va. App. 87, 99-100, 390 S.E.2d 491, 497-98 (1990) (citations omitted).

Where "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citations omitted).  Appellant's hypothesis of innocence was that he saw something on the ground, bent over, glanced at it and walked off.

It is well established that "[s]uspicious circumstances, including proximity to a controlled drug, are insufficient to support a conviction."  Behrens v. Commonwealth, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986).  Likewise, the "mere opportunity to commit an offense raises only 'the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to sustain a conviction.'"  Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (citation omitted).  "[E]ven probability of guilt is not sufficient" to support a conviction.  Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971).

The evidence falls short of establishing that appellant knew of the presence of the drugs and exercised dominion and control over them.  The drugs were not in open view because a crushed soda

can covered them.  Vollmer never saw appellant put anything on the ground or put anything under the soda can.  Vollmer only saw appellant's back and that he was bent over at the waist.  Accordingly, appellant's convictions for possession of cocaine with intent to distribute and possession of heroin with intent to distribute are reversed, and the charges are dismissed.

Reversed and dismissed.