COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Frank and Clements
Argued at Chesapeake, Virginia


NOEL JONES

                                        MEMORANDUM OPINION* BY
v.    Record No. 1991-00-1              JUDGE RICHARD S. BRAY
                                          NOVEMBER 6, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                      Bruce H. Kushner, Judge

          Monte E. Kuligowski for appellant.

          Jennifer R. Franklin, Assistant Attorney
          General (Randolph A. Beales, Attorney
          General, on brief), for appellee.


     Noel Jones (defendant) was convicted in a bench trial for

possession of cocaine, a violation of Code § 18.2-250.  On appeal,

he contends the evidence was insufficient to support the

conviction.  We agree and reverse the trial court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     In reviewing the sufficiency of the evidence, we examine the

record in "the light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom."

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

(1987).  The credibility of witnesses, the weight accorded
testimony, and the inferences to be drawn from proven facts are
matters to be determined by the fact finder.  See Long v.
Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).
The judgment of a trial court will be disturbed on appeal only if
plainly wrong or unsupported by the evidence.  See Code
§ 8.01-680.

I.

The facts are substantially uncontroverted.  At approximately
4:00 a.m. on December 4, 1999, Chesapeake Police Officer B.W.
Shearin observed an automobile turn unlawfully "through a red
light."  Shearin activated his "emergency equipment" and stopped
the vehicle.  The driver and sole passenger, seated beside him,
identified themselves to Shearin as Omar Wilson and defendant,
respectively.

Further investigation at the scene disclosed that Wilson was
"wanted for malicious wounding."  However, before Shearin could
effect an arrest, Wilson "began to drive off," with Shearin in
pursuit.  During the ensuing "high-speed chase," "through stop
signs and everything," Shearin observed "a baggy [sic]," followed
immediately by "a firearm," "come out of the passenger's side of
the vehicle."  Although the "area was lit," Shearin did not notice
Wilson "make any motions or gestures . . . toward anything but
driving the vehicle," "couldn't see hand movements from either
party," "just saw the items come out."  Defendant, however,

-

testified he had "seen [Wilson] flinging something out the window" after defendant had "rolled the window down a little bit" at Wilson's request.

Shearin, with the assistance of other police officers, soon stopped the vehicle, and defendant "fled on foot . . . into the woods," only to be apprehended within "a minute or so, two minutes."  With both Wilson and defendant in custody, Shearin returned to "the area where the first object was thrown out the window" and recovered "a baggy [sic] of powdered substance," later identified as 13.3 grams of cocaine, and a "Virginia Power bill with the name Omar Wilson, right in the same vicinity, right beside the . . . cocaine."  A search of defendant by Shearin revealed "nothing," but Wilson possessed $1,850 in cash.  A search of the car disclosed additional cocaine "under the hood."[1]

## II.

> To support a conviction based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).  "[T]he possession need not always be exclusive.  The

---

[1] The instant record further discloses that Wilson previously "pled guilty" to "these charges."

defendant may share [the drugs] with one or more.  The duration of the possession is immaterial and need not always be actual possession."  Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970).  "Although mere proximity to the drugs is insufficient to establish possession, and occupancy of [a] vehicle does not give rise to a presumption of possession . . . both are factors which may be considered in determining whether a defendant possessed drugs."  Josephs v. Commonwealth, 10 Va. App. 87, 100, 390 S.E.2d 491, 498 (1990) (en banc).

Where "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).  "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  "Whether a hypothesis of innocence is reasonable is a question of fact, and a finding by the trial court is binding unless plainly wrong."  Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citation omitted).

Here, defendant was the passenger in the vehicle operated by another, Wilson, when Wilson fled from police immediately following a lawful stop.  During the chase, drugs, a weapon, and a

-

"bill" personal to Wilson were discarded from the passenger window, although no attendant "hand movements from either party" were observed by Officer Shearin. Once the car was again stopped by police, defendant fled but was immediately apprehended and returned to the scene. No drugs, related paraphernalia or other contraband were found on defendant's person, but Wilson possessed considerable cash, and additional cocaine was secreted outside the passenger compartment of the vehicle.

Thus, in support of the instant conviction, the evidence proved little more than defendant was present in an automobile controlled by Wilson and fled from police following the second stop. While defendant admittedly lowered the window at Wilson's direction, the evidence does not establish he was aware Wilson intended to toss cocaine and a firearm from the speeding vehicle. No drugs were found on defendant's person, but additional contraband was hidden "under the hood" of the car, in Wilson's control. Such evidence clearly supports the reasonable hypothesis that the offending cocaine belonged exclusively to Wilson and was present in the automobile without defendant's knowledge and free of his dominion and control.

Accordingly, the evidence was insufficient to prove defendant guilty of the subject offense beyond a reasonable doubt, and we reverse the conviction.

Reversed and dismissed.

-