COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


JASON DALE TUELL
                                    MEMORANDUM OPINION* BY
v.    Record No. 2018-01-1         JUDGE WILLIAM H. HODGES
                                        OCTOBER 22, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                 Russell I. Townsend, Jr., Judge

         Robert G. Byrum (Shames & Byrum, P.C., on
         brief), for appellant.

         Stephen R. McCullough, Assistant Attorney
         General (Jerry W. Kilgore, Attorney General,
         on brief), for appellee.


     Jason Dale Tuell, appellant, appeals his convictions of

possession with the intent to distribute Ecstasy, possession of

diazepam (Valium), and possession with the intent to distribute

between one-half ounce and five pounds of marijuana. Appellant

contends the evidence was not sufficient to prove appellant

possessed the drugs. We agree and reverse the convictions.

                            BACKGROUND

     On May 4, 2000, police executed a search warrant for the

residence leased to appellant and John McCarthy. Appellant was

not present during the search of the residence, though McCarthy

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

and his girlfriend were.  In appellant's downstairs bedroom, the police found twenty-six Ecstasy pills and seventy-four Valium pills in the bottom drawer of a nightstand situated to the left of the bed.  Police also found marijuana in another drawer of the same nightstand.  In the nightstand to the right of the bed, police found a checkbook for a joint account belonging to appellant and another person, as well as photographs of appellant.  On the top shelf of the closet, police found a shoebox containing marijuana, packaged in separate baggies.  The shoebox also contained plastic baggies, commonly used for distribution of marijuana, a set of hanging scales, and a black sports bag with another checkbook from the joint account in it.  Police discovered more marijuana in a dresser drawer.  In the top right drawer of the dresser, police found appellant's wallet, which contained his driver's license, social security card, credit cards and a health insurance card.

McCarthy testified on behalf of the Commonwealth.  McCarthy stated the drugs found in appellant's bedroom were not his.  In his testimony, McCarthy also indicated he had not seen appellant in the residence for four days, though that was not uncommon since they had different schedules.  McCarthy recounted that he had never seen appellant use or sell drugs and that he was surprised that the police found narcotics in appellant's room.  McCarthy testified that at least twelve visitors had recently been to the

-

residence and three or four different people had spent the night in appellant's room.  Further, in order to get to the backyard, people were required to pass through appellant's room to go outside to smoke or to take out the trash.

### ANALYSIS

> In reviewing a challenge to the sufficiency of evidence to sustain a conviction, we are guided by well-established principles.  We view the evidence in the light most favorable to the Commonwealth and accord to that evidence all reasonable inferences that flow from it.  In reviewing that evidence, however, "we cannot . . . disregard credible, unimpeached evidence of the Commonwealth which exculpates the defendant and creates a reasonable doubt."  A conviction based on circumstantial evidence may be sustained only if the evidence, when taken as a whole, excludes every reasonable hypothesis of innocence.  Thus, the evidence must be wholly consistent with guilt and wholly inconsistent with innocence.

Scruggs v. Commonwealth, 19 Va. App. 58, 60-61, 448 S.E.2d 663, 664-65 (1994) (citation omitted).

Appellant was not present during the search of the residence.  Thus, appellant was not found in actual possession of the contraband.  The Commonwealth relies on a theory of constructive possession.

> Constructive possession of contraband may be shown by proof that the substance is known to the defendant and subject to his dominion and control.  Knowledge of the presence and character of the drug may be shown by evidence of the acts, statements, or conduct of the accused.  While an accused's

-

occupancy of the premises does not give rise to a presumption of possession, this factor may be considered with other evidence in determining whether a defendant constructively possessed drugs.

Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citations omitted).

Appellant concedes that the residence was leased to him and that the room in which the drugs were found was his bedroom. The additional evidence linking appellant to the drugs is the presence of his wallet in the dresser where marijuana was also found, his checkbook in a nightstand where no drugs were found, and a sports bag containing an additional checkbook in the shoebox where the majority of the marijuana was found.

The only personal item found in the same physical location as any drugs was one of the checkbooks. Even that item, however, was in a separate bag within the shoebox. Further, the checkbooks were for a joint account held by appellant and another person. No evidence indicated how long the various items were in place or who placed them where they were found. Though all the contraband was tested for fingerprints, only one print was detected and that fingerprint did not match appellant.

Additionally, McCarthy testified the last time he saw appellant in the residence was four days prior to the search. McCarthy did not know appellant to use or sell drugs and, in fact, was "shocked" to learn drugs were found in his room.

-

McCarthy also indicated the bedroom was used not only by appellant, but at least three other people who had spent the night in appellant's bed.  Moreover, at least twelve people had been to the residence, several of whom had to pass through appellant's bedroom to smoke in the backyard or to take out the trash.

While all the evidence creates a strong suspicion that appellant possessed the drugs, "[s]uspicion . . . no matter how strong, is insufficient to sustain a criminal conviction."  Id. at 184-85, 300 S.E.2d at 785 (citation omitted).  We cannot ignore the credible evidence that many people other than appellant had access to and used appellant's bedroom.  Finally, none of appellant's personal items conclusively established that appellant knew of the presence of the contraband or exercised any dominion or control over the drugs.  Accordingly, we reverse the judgment of the trial court and dismiss the indictments.

Reversed and dismissed.