Tuesday            3rd

December, 2002.


Christopher Cain, s/k/a
 Christopher T. Cain,                                    Appellant,

  against      Record No. 2879-00-1
               Circuit Court Nos. 43952-00 through 43954-00

Commonwealth of Virginia,                               Appellee.


                    Upon a Rehearing En Banc

        Before Chief Judge Fitzpatrick, Judges Benton, Elder,
    Annunziata, Bumgardner, Frank, Humphreys, Clements, Agee, Felton
                           and Kelsey


              Paul E. Turner, Jr., for appellant.

              Eugene Murphy, Assistant Attorney
              General  (Jerry W. Kilgore, Attorney
              General, on brief), for appellee.


        By memorandum opinion dated July 16, 2002, a divided

panel of this Court affirmed the judgment of the trial court.

We stayed the mandate of that decision and granted rehearing en

banc.

        Upon rehearing en banc, it is ordered that the stay of

this Court's July 16, 2002 mandate is lifted, and the judgment

of the trial court is affirmed for the reasons set forth in the

panel majority.

        Chief Judge Fitzpatrick and Judge Benton dissent for

the reasons set forth in the dissenting opinion of the panel.

It is ordered that the trial court allow counsel for the appellant an additional fee of $200 for services rendered the appellant on the rehearing portion of this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses. This amount shall be added to the costs due the Commonwealth in the July 16, 2002 mandate.

This order shall be certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:  Chief Judge Fitzpatrick, Judge Annunziata and
              Senior Judge Overton
Argued at Chesapeake, Virginia


CHRISTOPHER CAIN, s/k/a
 CHRISTOPHER T. CAIN
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2879-00-1          JUDGE NELSON T. OVERTON
                                         JULY 16, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                Robert W. Curran, Judge

        Paul E. Turner, Jr., for appellant.

        Eugene Murphy, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


     Christopher T. Cain appeals his bench trial convictions for

possession of cocaine, heroin and marijuana with the intent to

distribute. He argues the evidence is insufficient to support

his convictions.  He contends the Commonwealth failed to

establish he possessed the drugs in question.  For the reasons

that follow, we disagree and affirm his convictions.

                          BACKGROUND

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

inferences fairly deducible therefrom.'" Archer v.
Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)
(citation omitted).

So viewed, the evidence proved that Officer R. Davis
observed a taxi cab improperly stop in the roadway.  Davis began
following the cab and prior to pulling it over, he saw Cain, the
only back seat passenger, lean over to the left.  When Davis
stopped the car he noted that Cain was sitting on the passenger
side of the back seat.  He also observed a black knit hat on the
driver's side rear floorboard that appeared to have something
inside it.  Davis testified the hat was in the same area in
which Cain had just been leaning.  Davis also noted that Cain
appeared unusually nervous.  Davis arrested the driver of the
cab for carrying a concealed weapon and arrested the front seat
passenger on an outstanding warrant.

After the arrests, Officer Richardson retrieved the black
hat and discovered cocaine, heroin and marijuana inside it.  The
officers searched Cain incident to his arrest and found $491.00,
in small denominations, in his pockets.  Cain provided the
officers with inconsistent explanations for the source of the
large amount of cash.  Cain first stated the money belonged to
his girlfriend and later explained the money was his mother's.
The officers found no smoking devices or other drug
paraphernalia in the car.

- 4 -

"The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted). "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed drugs . . . ." Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc). Davis testified that he saw Cain lean over towards the area where he later saw the drug-filled hat. Cain was the only passenger in the back seat and was in close proximity to the drugs. "While proximity to a controlled substance is insufficient alone to establish possession, it is a factor to consider when determining whether the accused constructively possessed the drugs." Id. at 9, 421 S.E.2d at 882.

Cain appeared extremely nervous when Davis shone his flashlight in the back seat and expressed a need to exit the car as Davis returned to his cruiser to obtain results from his DMV

inquiry.  Additionally, Cain was carrying a large amount of cash in small bills and provided the officers with inconsistent explanations for his possession of the money.  See Hetmeyer v. Commonwealth, 19 Va. App. 103, 111-12, 448 S.E.2d 894, 899-900 (1994) (noting that defendant's possession of a large sum of money in a hotel room where drugs were found was a factor in determining whether defendant constructively possessed the drugs with intent to distribute).

"[I]n resolving this issue, the Court must consider 'the totality of the circumstances disclosed by the evidence.'" Spivey v. Commonwealth, 23 Va. App. 715, 725, 479 S.E.2d 543, 548 (1997) (citation omitted).  Davis observed Cain leaning towards the very area where he later saw the hat.  Cain was the only person in the back seat of the car where the drugs were found and was in close proximity to them.  He acted nervous and was anxious to get out of the car and provided the officers with inconsistent statements regarding the large sum of money on his person.  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Cain possessed the drugs the officers found in the hat.

Accordingly, we affirm the decision of the trial court.

Affirmed.

Fitzpatrick, C.J., dissenting.

I respectfully dissent from the majority opinion, which holds that sufficient evidence proved that appellant possessed cocaine, heroin and marijuana.

It is well established that "occupancy of [an automobile] where [a] drug is found does not create a presumption of possession." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998) (citing Code § 18.2-250.1(A) and Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)). See also Crisman v. Commonwealth, 197 Va. 17, 87 S.E.2d 796 (1955), and Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995).

The majority finds the evidence sufficient to establish that appellant, a passenger in a cab, possessed drugs found under a hat on the back floor board. They base this decision on appellant's nervousness at the scene, the fact that the officer saw him lean over in the cab and that he had $491 in cash.

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted).

- 7 -

At most, this evidence proved that appellant was nervous when both the driver and front seat passenger were arrested and that he "leaned" in the direction of the drugs which were covered by a hat. The additional fact that he had approximately $500 in cash does not establish beyond a reasonable doubt that he possessed the drugs. Thus, the evidence in this case, at best, creates a mere suspicion or possibility that appellant possessed the drugs. The circumstances were not such that one could reasonably infer, to the exclusion of every reasonable hypothesis of innocence, that appellant knew of the presence, nature and character of the drugs found in the taxicab in which he was a passenger and that it was subject to his dominion and control. See Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983). Therefore, I would reverse and dismiss appellant's convictions.