COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


GRIFFIN DOMINQUE ELLIOTT

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1699-09-1                   JUDGE ROBERT J. HUMPHREYS
                                                       OCTOBER 19, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                             James A. Cales, Jr., Judge

            Kurt Gilchrist for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Griffin Elliott ("Elliott") was convicted in a bench trial of possession of heroin with

intent to distribute, in violation of Code § 18.2-248, and possession of cocaine with intent to

distribute, in violation of Code § 18.2-248.  Elliott was sentenced to forty years in prison, with

twenty years suspended, on each conviction with the sentences to be served concurrently.  On

appeal, Elliott argues that the trial court erred in finding the evidence sufficient to support his

conviction for possession of cocaine with intent to distribute when he did not knowingly possess

the cocaine.[1]  For the following reasons, we disagree and affirm the conviction.

        In a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial

court to be correct' and 'will not set it aside unless it is plainly wrong or without evidence to

support it.'"  Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Elliott also appealed the conviction for possession of heroin with intent to distribute, but
the appeal was not granted on that conviction.

(quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992)). Under this standard, this Court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, this Court asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original).

When reviewing the sufficiency of the evidence to support a conviction, "we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). Further, "[i]n order to convict an accused of a crime, the evidence must . . . exclude every reasonable hypothesis of innocence." Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994). "[W]hen we consider the sufficiency of the evidence . . . we review the totality of the evidence to determine whether it was sufficient to prove an offense." Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356 (2007) (citing Commonwealth v. Duncan, 267 Va. 377, 385, 593 S.E.2d 210, 215 (2004)).

Code § 18.2-248 provides:

> Except as authorized in the Drug Control Act (§ 54.1-3400 et seq.), it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance.

In order to convict an individual of possession of a controlled substance, "the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them." Castaneda v. Commonwealth, 7 Va. App. 574,

583, 376 S.E.2d 82, 87 (1989).  Put another way, an essential element of the crime is that "'[t]he Commonwealth must also establish that the defendant intentionally and consciously possessed it *with knowledge of its nature and character.*'"  Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008) (quoting Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 758 (1975)).

> Such knowledge may be shown by evidence of the acts, statements or conduct of the accused.  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983).  Other circumstantial evidence may also support a finding of a defendant's knowledge of the nature and character of the substance in his possession, such as the drug's distinctive odor or appearance, or statements or conduct of others in his presence that would tend to identify it.

Id.  "[P]ossession alone, without more, is insufficient to support an inference of guilty knowledge."  Id. at 592, 659 S.E.2d at 311.

The record in this case contains evidence of acts, statements, and conduct that show Elliott had knowledge of the presence and character of the controlled substance in his possession.  Elliott unlocked the car door with a key, entered the passenger door, and remained in the vehicle for a short period of time.  Then, Elliott was "visibly shaken and breathing heavily" while Detective G.B. Smith, of the Portsmouth Police Department, spoke with him.  Further, Elliott denied possession of anything illegal, but then later told Detective Grover, of the Portsmouth Police Department, that he had obtained raw heroin from his supplier six different times.  See Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991) ("A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt.").  In addition, Elliott had half a napkin or paper towel in his pocket, which matched the one containing the twenty baggies of drugs which laboratory analysis showed contained a mixture of heroin and cocaine.  Thus, clearly his acts, statements, and conduct tend to prove he had knowledge of the presence and character of the cocaine.

Further, although Elliott contends that his acknowledgment of possessing heroin and buying raw heroin supports his hypothesis that he did not know of the cocaine's presence in the baggies because he never mentioned that he bought, used, sold, or knew of the cocaine's presence in the baggies, we disagree. His acknowledgement of purchasing *raw* heroin on six occasions does not support the conclusion that in the present instance he was not aware of the cocaine in the baggies, or that he was not the one who actually mixed the cocaine in with the raw heroin. The trial judge, as the fact finder, could reasonably have inferred that Elliott knowingly possessed the cocaine, and did not err in rejecting Elliott's hypothesis of innocence. See Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997) ("Whether an alternate hypothesis of innocence is reasonable is a question of fact, and, therefore, is binding on appeal unless plainly wrong." (citation omitted)).

Based on the facts in this case, we hold the evidence was sufficient to support a finding that Elliott possessed the cocaine with knowledge of its nature and character. Therefore, the trial court did not err in holding the evidence sufficient to support his conviction, and we affirm.

Affirmed.