Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

ANGELA L. YOUNG                         OPINION BY
                               SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 071436                 April 18, 2008

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

This appeal requires us to determine whether the evidence at trial was sufficient to support a conclusion, beyond a reasonable doubt, that the defendant, while in possession of a controlled substance, was aware of its nature and character.

## Facts and Proceedings

The facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial. See e.g., Parker v. Commonwealth, 275 Va. 150, 155, 654 S.E.2d 580, 583 (2008). In the pre-dawn hours of November 24, 2005, Officer S. Blystone, of the Portsmouth Police Department, stopped the driver of a maroon Oldsmobile for failing to stop at an intersection in Portsmouth. The driver and sole occupant was Angela L. Young, the defendant. She was cooperative with Blystone, who gave her a warning and told her she was free to leave. Blystone then told her that she was in a "high-crime, high-drug area" and asked for her permission to search her car before she left. She consented to the search. Blystone searched the car and found the defendant's purse. Among the

contents of the purse, he found a prescription bottle labeled with the name of Stephanie Woody. The label identified the contents of the bottle as "OxyContin," which Blystone knew to be a controlled drug. The bottle contained two blue tablets and six white tablets. Blystone could not determine the nature of the pills, but nevertheless handcuffed the defendant and asked her about the bottle and its contents. She responded, but the trial court subsequently granted the defendant's motion to suppress her statements because she had received no Miranda warnings before making them. Subsequently, the blue tablets were identified as morphine, a Schedule II substance, and the white tablets were identified as Trazodone, a Schedule VI substance. No "OxyContin" or its generic equivalent, oxycodone, was found in the pill bottle, notwithstanding its label.

The defendant was indicted for possession of a Schedule I or Schedule II controlled substance in violation of Code § 18.2-250. At a bench trial, she entered a plea of not guilty but was convicted and sentenced to imprisonment for two years, with six months suspended conditioned on supervised probation. The Court of Appeals granted her an appeal but affirmed her conviction. We awarded her this appeal.

At the trial on the merits, the only witnesses to testify about the events of November 24, 2005 were Officer Blystone

2

and Stephanie Woody.  The latter stated that she lived with her uncle, Andre Gatewood, who was the owner of the maroon Oldsmobile the defendant was driving, and that the defendant was Gatewood's girlfriend and would have had permission to drive his car.  Stephanie Woody also testified that the pills were hers, that she had inadvertently left them in her uncle's car when they had fallen out of her purse, and that the defendant had called her, telling her that she had them.  She stated that she carried different pills in one bottle so that she would not have to carry multiple bottles with her.  She surmised that the defendant "must have picked them up to bring them to me."  The court received in evidence an exhibit showing that Stephanie Woody had prescriptions for morphine, trazodone and oxycodone, along with a large array of other prescription drugs that she said she took for chronic migraine headaches.

The trial court found from the evidence that the defendant was in possession of the morphine at the time of her arrest.  The court accepted Stephanie Woody's testimony that the pills were hers and that she had valid prescriptions for them, but refused to accept her speculation as to how the pills came into the defendant's possession.  The court stated that the finding of guilt was based upon the defendant's undisputed possession of the morphine, coupled with the facts

3

that she had no prescription for it, that it belonged to someone else, and that it was contained in a bottle labeled with a different drug that was also a controlled substance.

The Court of Appeals noted that the defendant did not contest the issue of her actual possession, dominion and control over the drugs at the time of her arrest, and concluded that the dispositive question was whether she was aware of the nature and character of the morphine found in the pill bottle. In affirming the conviction in an unpublished opinion, the Court of Appeals held that possession of a controlled drug gives rise to an inference that the defendant was aware of its character.

### Analysis

On appeal, great deference is given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony. Thus, a trial court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).

In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional. Burton v. Commonwealth, 215 Va. 711, 713, 213

4

S.E.2d 757, 758 (1975).  Actual or constructive possession alone is not sufficient.  Id. at 713, 213 S.E.2d at 759.  "The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character."  Id. (citations omitted) (emphasis added).  That knowledge is an essential element of the crime.

Such knowledge may be shown by evidence of the acts, statements or conduct of the accused.  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983). Other circumstantial evidence may also support a finding of a defendant's knowledge of the nature and character of the substance in his possession, such as the drug's distinctive odor or appearance, or statements or conduct of others in his presence that would tend to identify it.

The issue in the present case is whether the record contains evidence from which any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  See Jackson v. Virginia, 443 U.S. 307, 319 (1979).  The Court of Appeals, in affirming the conviction, relied on its decision in Josephs v. Commonwealth, 10 Va. App. 87, 390 S.E.2d 491 (1990), in which the court held that "[p]ossession of a controlled drug gives rise to an inference of the defendant's knowledge of its character."  Id. at 101, 390 S.E.2d at 498-99.  In Josephs, the defendant was a

5

passenger in the back seat of a stolen rental car travelling through Virginia en route from Florida to New York. When the car was searched, her luggage was found in the trunk, surrounded by 130 pounds of marijuana packed in closed garbage bags. The marijuana nearly filled the trunk, leaving little room for her luggage. Id. at 90-91, 100-01, 390 S.E.2d at 492, 498. When the trunk was opened, there was "a strong odor of marijuana." Id. at 91, 390 S.E.2d at 492. The defendant, when asked about the marijuana by the arresting officer, responded, according to the officer's notes in evidence: "Said she didn't know about drugs. 1st time I've driven with that stuff." The Court of Appeals held that statement to be a proper basis for the trial court's conclusion that the defendant knew the marijuana was present in the trunk. Id. at 100, 390 S.E.2d at 498.

In Josephs, there was ample circumstantial evidence to support the trial court's conclusion that the defendant was aware of the nature and character of the drugs that she jointly possessed, and it was unnecessary for the Court of Appeals to rely on an inference of guilty knowledge based on possession alone. We do not agree with the Court of Appeals' statement in Josephs that "[p]ossession of a controlled drug gives rise to an inference of the defendant's knowledge of its character," insofar as that statement can be read to imply

6

that bare possession, without more, may furnish proof, beyond a reasonable doubt, of the essential element of guilty knowledge. Countless scenarios can be envisioned in which controlled substances may be found in the possession of a person who is entirely unaware of their nature and character. We adhere to our holding in Burton, quoted above, that actual or constructive possession alone is not sufficient. To the extent that the holding in Josephs is inconsistent with our holding here, i.e., that possession alone, without more, is insufficient to support an inference of guilty knowledge, we overrule that part of the decision of the Court of Appeals.

In the present case, after the trial court granted a motion to suppress the defendant's statements on Miranda grounds, the record is devoid of evidence of any acts, statements or conduct tending to show guilty knowledge on her part. Unlike the odoriferous contents of the trunk in Josephs, the contents of the pill bottle in this case gave no indication of their character. Officer Blystone, after examining the pills, could not determine their nature without submitting them for laboratory analysis, and there is no reason to infer that the defendant was any better informed. The ambiguous circumstantial evidence concerning the appearance of the bottle and its contents is as consistent with a hypothesis of innocence as it is with that of guilt.

It is thus insufficient to support the conviction in this case.  See Yarbrough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994) (evidence must establish guilt of the accused beyond a reasonable doubt and exclude every reasonable hypothesis of innocence).

## Conclusion

Because we find the record devoid of evidence sufficient to support a finding, beyond a reasonable doubt, that the defendant possessed morphine with knowledge of its nature and character, we will reverse the judgment of the Court of Appeals and dismiss the indictment.

Reversed and dismissed.