COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Humphreys and Millette
Argued at Chesapeake, Virginia


ANTOINE LEE WHITAKER

v.        Record No. 0342-07-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE WALTER S. FELTON, JR.
JUNE 17, 2008


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

Eric Korslund (James O. Broccoletti; Zoby & Broccoletti, P.C., on
brief), for appellant.

J. Robert Bryden, II, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Following a bench trial, Antoine Lee Whitaker ("appellant") was found guilty of possession

of cocaine in violation of Code § 18.2-250.  On appeal, he contends the trial court erred when it

denied his motion to strike the Commonwealth's evidence, both at the conclusion of the

Commonwealth's case-in-chief and at the end of the presentation of all the evidence.  He argues the

evidence was insufficient to prove he unlawfully possessed cocaine.  Concluding the trial court did

not err in denying appellant's motion to strike the Commonwealth's evidence, we affirm appellant's

conviction.  The parties being familiar with the record below, we cite only those facts necessary to

the disposition of the appeal.

On appeal of a conviction, we "'discard the evidence of the accused in conflict with that of

the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth

and all fair inferences that may be drawn therefrom.'"  Craddock v. Commonwealth, 40 Va. App.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

539, 542-43, 580 S.E.2d 454, 456 (2003) (quoting Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003) (*en banc*)).  We must "examine the evidence that tends to support the conviction[] and to permit the conviction[] to stand unless [it is] plainly wrong or without evidentiary support."  Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citing Code § 8.01-680).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder[,] who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Here, the trial court stated it believed Officer Griffin's testimony that he saw appellant insert his hand into the corner of the couch on which he was sitting and immediately remove it, that the officer never lost sight of that corner of the couch prior to searching it, and that during his search of the couch he discovered a cigarette pack containing cocaine in the exact location of the couch where, moments earlier, appellant had inserted his hand.  The trial court also stated it did not believe appellant's testimony that he did not stick his hand into the corner of the couch as described by the officer.

To convict appellant of possession of cocaine, the Commonwealth was required to prove beyond a reasonable doubt that appellant was "aware of the presence and character of the drug and that [he] consciously possessed it."  Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871-72 (1998) (citing Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)).  Possession may be actual or constructive.  Id. at 426, 497 S.E.2d at 872.  Constructive possession may be established when there are "'acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"  Id. (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)) (alteration in original).  Although

mere proximity to drugs is not in itself sufficient to establish possession, proximity is a factor that may be probative in determining whether an accused possessed the drugs. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982).

Here, appellant contends the evidence presented at trial established only his proximity to the cocaine discovered by Officer Griffin, not his possession. We disagree.

In Powell v. Commonwealth, 27 Va. App. 173, 180, 497 S.E.2d 899, 902 (1998), we affirmed a conviction for possession of cocaine where police officers observed the accused, seated on a low wall near two other men, place his clenched hand behind his back and immediately return his unclenched hand to the front of his body. Id. at 176, 497 S.E.2d at 900. The police officers, who were unable to see anything in the accused's clenched hand when he placed it behind his back, immediately searched behind the wall, and discovered cocaine on the ground behind where he had been seated. Neither of the other two men sitting on the wall near the accused moved their hands behind their backs. Id.

Here, when Officer Griffin entered the apartment in response to the smell of burning marijuana, he observed appellant quickly inserting his hand into the corner of the couch and immediately removing it. Neither of the other two men seated on the couch with appellant moved their hands from their laps. The officer, after ordering the men to show their hands and to stand, and without ever losing sight of that corner of the couch, found the cocaine in the exact location where appellant, moments earlier, inserted his hand. The evidence presented created an "'unbroken chain of circumstances'" from which a reasonable fact finder could conclude that appellant possessed the cocaine Officer Griffin found in the couch. Id. at 179, 497 S.E.2d at 902 (quoting Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971)).

The Commonwealth was also required to prove appellant knew the nature and character of the illegal substance contained in the cigarette box. In Young v. Commonwealth, 275 Va. 587, 592,

- 3 -

659 S.E.2d 308, 311 (2008), the Supreme Court reversed a conviction for possession of a controlled substance, noting that mere possession of a contraband substance in a prescription bottle bearing a third party's name, "without more, is insufficient to support an inference of [the accused's] guilty knowledge" of the nature and character of the illegal substance. There, the accused, driving her boyfriend's car, consented to a search of the car following a traffic stop for a minor traffic violation, during which she was described as cooperative with the police officer.[1] In the search of the car, the officer found in the accused's purse a prescription medication bottle containing two kinds of unmarked pills. The prescription label bore the name of the car owner's niece. Id. at 589, 659 S.E.2d at 309. Evidence presented at trial proved the pills were prescribed to the niece of the car owner, that the niece had mistakenly left the pills in the car, and that the accused had called the niece to inform her that she had found the pills in the car. Id. at 590, 659 S.E.2d at 309. The Court concluded the "record [was] devoid of any acts, statements, or conduct tending to show guilty knowledge" on the part of the accused sufficient to support the accused's conviction for possession of a controlled substance. Id. at 592, 659 S.E.2d at 311.

Here, the evidence presented at trial proved that immediately prior to Officer Griffin's arrival, appellant was in an apartment smoking marijuana with other men. When the officer appeared at the apartment door, appellant quickly inserted his hand into the precise location of the couch where the officer, within moments of observing appellant's movement, discovered cocaine concealed inside a cigarette pack. The trial court reasonably could conclude from the evidence presented that appellant knew the nature and character of the cocaine in the cigarette pack which he attempted to conceal in the corner of the couch.

---

[1] Following the conclusion of the traffic stop, and prior to appellant's consent to the search of the car, the officer released appellant with a warning.

From the record on appeal, we conclude the trial court's finding that appellant unlawfully possessed cocaine was not plainly wrong or without evidence to support it.  Accordingly, we hold that the trial court did not err in denying appellant's motion to strike the Commonwealth's evidence as failing to prove beyond a reasonable doubt that he possessed cocaine.

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>