COURT OF APPEALS OF VIRGINIA


Present:  Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


TYRONE LAMONT WALLER
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 3073-07-1                  JUDGE JEAN HARRISON CLEMENTS
                                                MARCH 4, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                              Aundria D. Foster, Judge

            Curtis M. Rogers, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Tyrone Lamont Waller (appellant) was convicted on his conditional plea of guilty of

possession of cocaine in violation of Code § 18.2-250, possession of a controlled substance while

also possessing a firearm in violation of Code § 18.2-308.4, and possession of a firearm by a

convicted felon in violation of Code § 18.2-308.2.  On appeal, appellant contends the trial court

erred when it denied his motion to suppress evidence seized from his mother's home.  Finding no

error, we affirm the trial court's judgment and appellant's convictions.

                                        BACKGROUND

        We view the evidence in the light most favorable to the Commonwealth, granting to it all

reasonable inferences fairly deducible therefrom.  Commonwealth v. Grimstead, 12 Va. App. 1066,

1067, 407 S.E.2d 47, 48 (1991).  So viewed, around 5:00 p.m. on March 27, 2007, Officer Nesbitt

of the Newport News Police Department observed appellant entering the driver side of a vehicle

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

parked in front of a two-story house at 1231 Hampton Avenue. Appellant started the engine and made a U-turn across double lines. Officer Nesbitt activated his lights and siren in an attempt to make a traffic stop, but appellant failed to comply. Instead, he drove several blocks and ran a stop sign before circling back to the residence at 1231 Hampton Avenue. Officer Nesbitt called dispatch for assistance.

Appellant exited the vehicle and ran along the right side of the residence to the backyard. Officer Nesbitt ran along the left side with the intention to cut off appellant in back, but appellant kicked in the back door and entered the residence. Officer Nesbitt waited outside the residence, and Sergeant Polak and three other officers arrived on the scene soon thereafter. Appellant eventually emerged through the front door, and Officer Nesbitt placed him under arrest. Officers made a protective "sweep" of the interior of the residence to see if anyone was hiding within, and while doing so discovered what appeared to be a controlled substance in plain view. No firearms were discovered in the residence at this time.

Constance Waller, appellant's mother, arrived on the scene soon after the sweep. Sergeant Polak approached, initially unaware that Ms. Waller was appellant's mother, and also unaware that contraband had been discovered during the protective sweep. Ms. Waller informed Sergeant Polak that she was the homeowner, whereupon he told her that a man had jumped out of a car, kicked in her back door, and run through her home before exiting and being placed under arrest. Sergeant Polak explained that the person may have discarded weapons or drugs inside her home, and asked her consent to a "quick check" of the premises. Ms. Waller consented. Their conversation "was very calm," and Sergeant Polak remained with Ms. Waller during the entire encounter. At some point during their contact, they became aware that the man in police custody was her son.

The consensual search[1] yielded illegal drugs and a firearm. The search was terminated at this point while police obtained a search warrant. A warrant was issued, and further evidence was retrieved pursuant to the warrant. Appellant moved the trial court to suppress the evidence, and a hearing on the motion to suppress was held in the trial court on October 22 and October 23, 2007.

Ms. Waller testified in the hearing that Officer Nesbitt told her police had found "guns and drugs" in her home and that she gave Officer Nesbitt her consent to the search under direct threat of imprisonment for the "guns and drugs" already found. Officer Nesbitt denied the behavior Ms. Waller attributed to him. Sergeant Polak, who was present throughout the encounter, never heard the alleged statements or threats.

After hearing the evidence and arguments, the trial court found that the protective sweep was unconstitutional, and suppressed the evidence discovered as a direct consequence of that illegal search. Because guns were not discovered during the sweep, the trial court reasoned that Nesbitt's statement to Ms. Waller that "guns and drugs" were found in her home could only have been made subsequent to the consensual search during which a firearm was discovered. As a result, the trial court concluded that any perceived threat framed in terms of "guns and drugs" could not have been a part of the conversation that led to the consensual search of appellant's home. The trial court therefore found Ms. Waller's consent was not coerced. Accordingly, appellant's motion to suppress the evidence was denied. Appellant entered a conditional plea to each of the charges subject to the resolution of this appeal, and a conviction order was entered on December 4, 2007. This appeal followed.

---

[1] We refer to this search as the "consensual search" only to distinguish it from the prior "protective sweep" and the subsequent search pursuant to the warrant.

ANALYSIS

Appellant argues that his mother's consent to the search of her residence was coerced, and therefore unconstitutional. Accordingly, appellant contends that the trial court erred when it failed to suppress the evidence against him. His argument relies solely and entirely upon his mother's testimony that police told her "guns and drugs" had been found during the protective sweep of her home and that she must either consent to a search or go to jail. Because the trial court did not accept this account, we reject appellant's argument.

"On appeal, great deference is given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Young v. Commonwealth, 275 Va. 587, 590, 659 S.E.2d 308, 310 (2008). We will not disturb the trial court's judgment with regard to factual matters unless plainly wrong or without evidence to support it. Id. Instead, we "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Blow v. Commonwealth, 52 Va. App. 533, 536, 665 S.E.2d 254, 256 (2008) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)).

Here, the trial court explicitly declined to credit the portion of Ms. Waller's testimony that supports appellant's argument, and we cannot say that it was plainly wrong or without supporting evidence to do so. Appellant having relied exclusively upon evidence we may not regard as factual, his argument must fail.

Accordingly, we affirm the judgment of the trial court and appellant's convictions.

Affirmed.