COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Willis
Argued by teleconference


EUGENE BOONE, IV

v.        Record No. 1371-08-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JERE M.H. WILLIS, JR.
JANUARY 12, 2010


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

Jean Veness, Assistant Public Defender, for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


On appeal from his conviction of possession of explosive material after having been

convicted of a felony, Eugene Boone, IV, contends the trial court erred in finding that he knowingly

and intentionally possessed explosive material.[1]  Boone argues that the evidence was insufficient to

prove he knew the character or composition of the cartridge found in his pocket.  We disagree and

affirm.

Police officers responded to a disturbance call, and an officer looked inside a car.  Boone

approached and told the officer he had no right to search the car.  The officers arrested Boone on

unrelated charges.  Upon a search incident to the arrest, an officer recovered from Boone's pants

pocket a handgun magazine clip containing six .380 caliber cartridges.  Laboratory examination of

───────────────────

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Boone was also convicted of assault and battery of a police officer and resisting arrest.
In his petition for appeal to this Court, Boone challenged the assault and battery conviction.  We
denied the petition as to that issue by orders entered February 13, 2009 and April 29, 2009.

one of the cartridges established that it contained smokeless gunpowder.  At trial, Boone admitted he had previously been convicted of a felony.

Code § 18.2-308.2(A) forbids any person who has been convicted of a felony to knowingly and intentionally possess any explosive material.  Code § 18.2-308.2(D) provides in part, "'Explosive material' means any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion; the term includes, but is not limited to, dynamite and other high explosives, black powder, pellet powder, smokeless gun powder, detonators, blasting caps and detonating cord . . . ."[2]

Relying upon Young v. Commonwealth, 275 Va. 587, 659 S.E.2d 308 (2008), Boone argues that the Commonwealth was required to prove that he had actual knowledge that the cartridge contained explosive material.  In Young, a police officer found in Young's purse an OxyContin prescription bottle, containing two blue tablets and six white tablets.  Young was driving her boyfriend's car, and the prescription bottle indicated that it was issued to her boyfriend's niece.  The blue tablets were identified as morphine, and the white tablets were identified as Trazadone.  Id. at 589-90, 659 S.E.2d at 309.  The Supreme Court held

> In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant's possession of the drug was knowing and intentional.  Actual or constructive possession alone is not sufficient.  "The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character."

Id. at 591, 659 S.E.2d at 310 (quoting Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 759 (1975)) (citations omitted).  In reversing Young's conviction for possession of morphine, the Supreme Court held that neither the bottle nor its contents indicated the character

---

[2] In 2009, the statute was amended to include ammunition for a firearm.

of the pills, that the officer could not determine the nature of the pills without submitting them for laboratory analysis, and that there was no reason to infer that Young was any better informed. Id. at 592, 659 S.E.2d at 311. Thus, "[t]he ambiguous circumstantial evidence concerning the appearance of the bottle and its contents is as consistent with a hypothesis of innocence as it is with that of guilt." Id.

We agree with Boone that the Commonwealth was required to prove that he possessed the cartridge, knowing its explosive character, but disagree that the Commonwealth failed to do so. A handgun magazine clip with six rounds of ammunition is cognizably different from unmarked tablets in a prescription bottle. As the trial court held, it is common knowledge that a firearm cartridge "[is] a device that operate[s] by an explosion, by an internal explosion. That's how bullets work." Boone did not possess a single item that might conceivably be mistaken for a fake. He possessed a loaded firearm magazine. It is common knowledge that firearm ammunition is loaded with gunpowder and explodes.

The evidence sufficiently proved and supports the trial court's finding that Boone knowingly and intentionally possessed explosive material and was guilty of possession of explosive material after having been convicted of a felony.

Affirmed.

McClanahan, J., concurring.

At the time of Boone's arrest, he was not allowed as a convicted felon to knowingly and intentionally possess any explosive material, defined as, among other things, "a device, the primary or common purpose of which is to function by explosion." Code § 18.2-308.2(A) and (D). There is no dispute that, when arrested, Boone was in possession of a handgun magazine clip with six rounds of ammunition, consisting, more specifically, of six .38 caliber Winchester cartridges. In finding Boone guilty under Code § 18.2-308.2, the trial court determined that a firearm cartridge "[is] a device that operate[s] by an explosion, by an internal explosion. That's how bullets work." That is, its "common purpose . . . is to function by explosion." Code § 18.2-308.2(D). And this does not change from cartridge to cartridge, unlike, for example, the character and content of the enumerable kinds of bottles of pills that one may obtain, distinguishing the facts in this case from those in Young v. Commonwealth, 275 Va. 587, 659 S.E.2d 308 (2008), upon which Boone relies.

Boone's contention that the Commonwealth failed to prove his guilt because it did not present any evidence that he "knew the character or composition of the cartridges or that he was otherwise conversant with the composition of a cartridge," is without merit. We cannot say, as a matter of law, that the trial court erred in taking judicial notice of the fact that the common purpose of a firearm cartridge is to function by explosion. "[A]ny matter may be judicially noticed if it is commonly known in the jurisdiction or easily ascertainable from reliable sources." Charles E. Friend, The Law of Evidence in Virginia § 19-15, at 924 (6th ed. 2006); see, e.g., State ex rel. Oil Serv. Co. v. Stark, 122 S.E. 533, 536 (W. Va. 1924) ("The courts take judicial notice that gasoline and other inflammable petroleum products, gunpowder and dynamite, are dangerous and explosive, as a matter of common knowledge." (citations omitted)). Furthermore, the fact that Boone possessed the cartridges in a firearm magazine was at least circumstantial

- 4 -

evidence, if not direct evidence, that he knew that the "common purpose" of a cartridge was to function by explosion—in this case, with a handgun.[3]

I therefore concur in affirming Boone's conviction.

---

[3] As the majority points out, Code § 18.2-308.2 was amended in 2009 to specifically include ammunition for a firearm as one of the items proscribed under the statute. That does not necessarily mean that the statute cannot be read to include ammunition within its scope prior to the amendment. While "a presumption normally arises that a change in law was intended when new provisions are added to prior legislation by an amendatory act," a legislative amendment does from time to time simply "make [a statute] more detailed and specific," without making any "changes of substance," Boyd v. Commonwealth, 216 Va. 16, 20, 215 S.E.2d 915, 918 (1975), which is, I believe, what transpired with the 2009 amendment to Code § 18.2-308.2.