ELDER, J.,
concurring in the judgment.
The majority properly affirms Dickerson’s conviction for cocaine possession in violation of Code § 18.2-250. However, I would reach this conclusion on the merits of the case because, unlike the majority, I believe the issue of whether Dickerson knew of the presence and character of the cocaine found in his pants pockets was properly preserved. Therefore, I write separately to concur in the judgment only.
The majority holds that counsel’s “one-sentence closing argument” “did nothing more than ask the trial court, sitting as fact-finder, to disbelieve the police officer’s testimony and believe Dickerson’s testimony.” The majority believes this falls short of a challenge to the sufficiency of the evidence, which asks the trial court to view the evidence in the light most favorable to the Commonwealth and discard the appellant’s evidence, because it instead asked the trial court to discard the Commonwealth’s evidence. The majority reasons that because an argument on the merits “employs a very different evidentiary prism” than the sufficiency challenge Dickerson argues on appeal, supra at 857-59, 709 S.E.2d at 720, Rule 5A:18 bars our consideration of the merits of Dickerson’s appeal.
In my view, however, distinguishing a “closing argument [that] focuse[s] only on the factual persuasiveness ... or the weight of the evidence” from “a challenge to the legal sufficiency of the evidence” draws a distinction without a differ *360 ence, particularly in this case.[7] Counsel argued that the cocaine “was not his” and “that he never possessed th[e] cocaine.” Counsel based this argument on Dickerson’s testimony and therefore “asked the court to disbelieve the police officer’s testimony and believe Dickerson’s testimony”; i.e., evaluate the case on the merits by discerning the probative value of the evidence. Supra at 358, 709 S.E.2d at 720. In response, the trial court held that it was “convinced beyond a reasonable doubt that [Dickerson] [was] guilty of [cocaine possession].” By disbelieving Dickerson’s testimony, the trial court necessarily found the remaining evidence to be sufficient. In other words, the probative value of that evidence— the police officer’s testimony versus Dickerson’s testimony— was sufficient to convict so, therefore, the legal sufficiency of the evidence was also met. Counsel argued, albeit briefly, that Dickerson did not know the cocaine was in his pocket, which is the argument he raises now on appeal. So despite the phrasing of the closing argument, Dickerson “raised the issue of the sufficiency of the evidence of [constructive possession]” and gave “the trial court ... an opportunity to ... resolve the issue now raised on appeal.” Campbell v. Commonwealth, 12 Va.App. 476, 481, 405 S.E.2d 1, 3 (1991) (en banc).
On the merits of Dickerson’s appeal, I believe the evidence is sufficient to support a finding that Dickerson had the requisite awareness of the nature and character of the cocaine because the police officers found the contraband in his pants pocket.
“In a prosecution for possession of a controlled substance, the Commonwealth must produce evidence sufficient to support a conclusion beyond a reasonable doubt that the defendant’s possession of the drug was knowing and intentional.” Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, *361 310 (2008). “The Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character.” Burton v. Commonwealth, 215 Va. 711, 713, 213 S.E.2d 757, 758 (1975). Such knowledge may be shown by evidence of the acts, statements or conduct of the accused. See Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983).
In Young, ambiguous circumstantial evidence cast doubt on whether the defendant knew of the nature and character of the contraband found in her purse. 275 Va. at 592, 659 S.E.2d at 311. Specifically, the arresting officer found a prescription bottle labeled “OxyContin,” a controlled substance. The officer could not determine the nature of the pills without the use of forensic testing, which revealed the pills contained neither OxyContin nor its generic equivalent. Id. at 589, 659 S.E.2d at 309. Further, the pills were prescribed to an individual other than the defendant. From this evidence, the Supreme Court of Virginia held it could envision “countless scenarios” in which the defendant could have possessed the contraband without fully knowing the character and nature of the pills and it reversed the defendant’s conviction. Id. at 592, 659 S.E.2d at 310-11.
Such evidence is lacking in the present case to support any reasonable hypothesis of innocence that does not spring from Dickerson’s imagination. The suspected crack cocaine was wrapped in a clear plastic baggie, allowing the police officer to immediately suspect the true nature of the substance. No evidence existed that another individual was identifiably implicated in the ownership of Dickerson’s vehicle, contraband, or pants. Dickerson never contended that the pants belonged to someone else. See Horne v. Commonwealth, No. 1247-09-2, 2010 WL 2160225, at *3, 2010 Va.App. LEXIS 220, at *9 (June 1, 2010) (“The jury, as the trier of fact and determiner of witness credibility, could reject appellant’s story that the pants were not his and conclude that the velour pants, and any item in the pockets of those pants, belonged to appellant.”). Dickerson offered no explanation concerning how a substance could enter his pants without his knowledge. Indeed, Dicker *362 son testified that he was aware of the marijuana found in his left rear pants pocket. The trial court therefore reasonably discounted Dickerson’s claim that he did not know about the cocaine and concluded he was lying to conceal his guilt. See Cordon v. Commonwealth, 280 Va. 691, 695, 701 S.E.2d 803, 805 (2010) (“[I]f a defendant’s denial of circumstances relating to an illegal act is inconsistent with previous statements or facts, it is fair to infer that such denial was for the purposes of concealing guilt.”).
Dickerson’s actual possession of the cocaine in his pants pockets, combined with facts that contradicted his disclaimer of ownership of the crack cocaine, provide sufficient evidence to prove beyond a reasonable doubt that he knowingly possessed the cocaine. Accordingly, I would affirm his conviction for possession of cocaine on that ground rather than applying Rule 5A:18.

. Of course, I do not suggest that any closing argument may properly preserve a sufficiency challenge for appellate review. Rather, I believe that in this particular case, counsel’s brief closing argument highlighted the precise issue that is now before this Court: whether or not appellant possessed the contraband.