COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Huff and AtLee
Argued by videoconference


PHILLIP GARY POWELL, JR.

MEMORANDUM OPINION* BY
v.      Record No. 0055-20-3      JUDGE RICHARD Y. ATLEE, JR.
APRIL 13, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge Designate

Keith Orgera, Senior Trial Attorney (Office of the Public
Defender, on brief), for appellant.

Maureen E. Mshar, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Phillip Gary Powell, Jr. appeals his conviction for felony possession of a Schedule I or II

controlled substance.[1]  Powell challenges the sufficiency of the evidence supporting his

conviction, arguing that the evidence did not prove that he had knowledge of the nature and

character of the substance.  We disagree and affirm.

I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." Gerald v.

Commonwealth, 295 Va. 469, 472 (2018) (quoting Scott v. Commonwealth, 292 Va. 380, 381

(2016)).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Powell was also convicted of misdemeanor possession of marijuana.  He does not
challenge that conviction.

On August 9, 2018, Lieutenant Hinkley of the Lynchburg Police Department conducted a traffic stop on a vehicle in which Powell was a passenger. Hinkley searched the vehicle with the consent of the owner of the vehicle. During the search, Hinkley found a cigarette pack on the passenger-side dashboard. Inside the cigarette pack, he discovered a homemade metal smoking device with marijuana residue on it. Hinkley also found a plastic container sitting on the dashboard next to the cigarette pack. Inside the plastic container, there were two small plastic baggies, each containing a white powdery substance.

Hinkley arrested Powell. After advising Powell of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), Hinkley asked Powell about the marijuana pipe. Powell admitted the pipe was his. When Hinkley asked what was in the plastic baggies, Powell answered, "cocaine[,] I guess." The conversation continued while they waited to see the magistrate. Hinkley asked Powell how long he had been using drugs. Powell admitted that he usually only smoked marijuana. When discussing the white powdery substance, Powell stated that "he doesn't normally use but he's been having some rough times" and "he's just been having a lot going on." At trial, Hinkley testified that he inferred from these statements that Powell was claiming ownership of the substance.

Forensic testing later determined that the white powdery substance was methamphetamine. Hinkley testified that both cocaine and methamphetamine are Schedule I or II controlled substances.

During the trial, Powell made a motion to strike the evidence. He conceded that the substance in the baggies was "within his dominion and control," but argued that the evidence did not show that he had knowledge of the nature and character of the substance. Specifically, he pointed to the fact that he misidentified the substance as cocaine. The trial court disagreed and

found Powell guilty of both possession of marijuana and possession of a Schedule I or II controlled substance. Powell now appeals to this Court.

## II. ANALYSIS

Powell argues on appeal that the evidence was insufficient to establish that he had knowledge of the nature and character of the white powdery substance in the baggies. "We apply a deferential standard of review to challenges based on the sufficiency of the evidence, and the decision of '[t]he lower court will be reversed only if that court's judgment is plainly wrong or without evidence to support it.'" Otey v. Commonwealth, 71 Va. App. 792, 797 (2020) (alteration in original) (quoting Cartagena v. Commonwealth, 68 Va. App. 202, 207 (2017)).

To sustain a conviction for the possession of a controlled substance, the Commonwealth must prove that the defendant possessed the controlled substance and that the defendant did so "*with knowledge of its nature and character.*" Yerling v. Commonwealth, 71 Va. App. 527, 534 (2020) (quoting Young v. Commonwealth, 275 Va. 587, 591 (2008)). In the court below, Powell conceded that he had possession of the substance when he conceded that it was "within his dominion and control." See Fogg v. Commonwealth, 216 Va. 394, 395 (1975) (finding that constructive possession can be established if the evidence shows that the substance was subject to the defendant's dominion and control). Accordingly, the only issue before this Court is whether Powell had knowledge of the nature and character of the substance in his possession.[2]

---

[2] On appeal, Powell attempts to challenge both whether he possessed the substance and whether he did so with knowledge of the substance's nature and character. However, Powell conceded in the court below that he had dominion and control over the substance, and therefore possession of it. Having done so, he cannot approbate and reprobate by taking a position in this Court that is inconsistent with the one taken in the court below. See Nelson v. Commonwealth, 71 Va. App. 397, 403 (2020) ("[A] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." (quoting Rowe v. Commonwealth, 277 Va. 495, 502 (2009))). Consequently, the issue of whether the substance was in his possession is not properly before this Court.

Knowledge of the nature and character of the substance "is an essential element of the crime." Yerling, 71 Va. App. at 534. That "knowledge may be shown by evidence of the acts, statements or conduct of the accused." Young, 275 Va. at 591.

Powell contends that he "simply took a guess" at what the substance in the baggies was and the fact that he got it wrong shows that he did not know the nature and character of the substance in the baggies. But a defendant "need know only that he is possessing a controlled substance to be guilty of violating Code § 18.2-250." Sierra v. Commonwealth, 59 Va. App. 770, 783 (2012). "[T]he General Assembly has chosen not to excuse a defendant who knows he is possessing a controlled substance, but is unaware or perhaps mistaken as to the precise identity of the substance he is possessing (e.g., a defendant who thinks he is possessing heroin, when he is actually possessing cocaine)." Id. at 779. Accordingly, the Commonwealth does not need to prove that a defendant knew he was possessing a specific controlled substance. Id.

Here, Powell's mistaken identification of the substance as cocaine "is not a defense under Code § 18.2-250." Id. at 783-84 ("A claim by a defendant that he knew he was possessing a controlled substance, but was unaware or mistaken as to the precise identity of that substance, is not a defense under Code § 18.2-250."). To the contrary, his identification of the substance as cocaine is evidence that he was aware that the substance in his possession was, in fact, a controlled substance.

Furthermore, Powell continued to discuss the substance with Hinkley even after he misidentified it. When discussing his drug use with Hinkley, Powell stated that "he doesn't normally use but he's been having some rough times . . . and he's just been having a lot going

---

Additionally, by conceding he had dominion and control over the substance, Powell necessarily failed to object or preserve the issue for review on appeal in accordance with Rule 5A:18.

on." Hinkley testified that these statements were made when they were discussing the white powdery substance and not when they were discussing Powell's marijuana use.

Powell contends that it is a reasonable hypothesis of innocence that he got into a car that he did not own, was unaware of the contents of the plastic container, and, in an attempt to be honest with the police, he made a guess as to its contents. His argument, however, fails to account for his other statements to Hinkley regarding his drug use, from which the officer inferred that Powell claimed ownership of the narcotics and from which the trial court could infer the same. Though Powell misidentified the substance in the baggie, his statements indicate that he was aware that the substance in his possession was in fact a controlled substance. Accordingly, it was not error for the trial court to conclude that Powell had knowledge of the nature and character of the substance in his possession.

### III. CONCLUSION

Because it was not error to conclude that Powell was aware of the nature and character of the substance in his possession, we affirm the decision of the trial court.

<u>Affirmed.</u>