UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, Malveaux and Senior Judge Annunziata
Argued by videoconference

TAMICA MONIQUE GREEN, S/K/A
  TAMIKA GREEN

                                                MEMORANDUM OPINION* BY
v.       Record No. 1355-20-4            JUDGE MARY BENNETT MALVEAUX
                                                NOVEMBER 9, 2021

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          Carroll A. Weimer, Jr., Judge

            Michael C. Fasano (The Reed Law Firm, P.L.L.C., on briefs), for
            appellant.

            Ken J. Baldassari, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        Tamica Monique Green ("appellant") was convicted in a bench trial of possession of a

controlled substance, in violation of Code § 18.2-250.  On appeal, she argues that the trial court

erred in finding the evidence sufficient to establish her knowledge of the nature and character of

her vape pen's contents.  For the following reasons, we affirm.

                                    I.  BACKGROUND

        "In accordance with familiar principles of appellate review, we recite the facts in the light

most favorable to the Commonwealth, the prevailing party at trial."  Bryant v. Commonwealth,

70 Va. App. 697, 702 (2019).

        On May 12, 2018, Officers T.W. Hance and M.R. Ernst of the Prince William County

Police Department arrived at a Woodbridge home in response to a domestic dispute.  The

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

officers found two people in the home, La Vardine Green ("La Vardine") and her live-in daughter, appellant. Officer Hance testified that appellant "was very irate. Her emotions were up and down. She was like a roller-coaster[,]" and her speech was "all over the place, slow, fast, [she] just wasn't making too much sense." After observing that appellant "was not in the right mindset," Hance concluded "that she was under the influence of some sort." Officer Ernst testified that La Vardine told Hance she was concerned that appellant was using PCP.[1]

Officer Hance asked appellant if he could search her room, and she consented. Hance did not find anything in appellant's room. He also asked if he could search a purse, which was "in the living room . . . close to [appellant]." Appellant identified the purse as her own and consented to the search. Inside the purse, Hance found a "vape pen," which he described at trial as "an object that somebody uses to smoke either vape or some type of drugs, whatever that would be."

The vape pen was submitted to the Virginia Department of Forensic Science for analysis. Analysts determined and certified that the vape pen's cartridge contained cocaine.

At trial, appellant testified that her friend, Anthony Campbell, had stayed in her bedroom and that frequently he had borrowed her car. Further, appellant stated, she often had left her purse in her car and then had to call Campbell and ask him to return her "wallet, things like that in the purse."

Appellant stated that she had a vape pen because she wanted to quit smoking cigarettes, "was on medication by a primary care provider, and the next step was vaping, to transition from cigarettes." She further stated that Campbell had "oftentimes" used her vape pen when he did not have cigarettes and that "often it would be taken with him to work, or . . . with my

---

[1] PCP, or phencyclidine, is a controlled substance under Code § 18.2-250. See, e.g., Perry v. Commonwealth, 280 Va. 572, 574-76 (2010).

- 2 -

belongings in the car. At night, I would wake up to those items being gone." When asked to identify the last time she had used the vape pen prior to the events of May 12, 2018, appellant responded, "That would be hard for me to pinpoint. . . . I couldn't pinpoint a specific day, but it would have been something that . . . would have been in use." Appellant denied knowing that there had been cocaine in the vape pen and stated that she had reached out to police about retrieving the item after May 12 because "the purpose of the pen was for me not to smoke cigarettes. I didn't want to be a long-term cigarette smoker."

During cross-examination, appellant acknowledged that the purse searched by Officer Hance was hers. When the Commonwealth's attorney showed her the vape pen, which had been admitted into evidence, and asked her to acknowledge it was hers, appellant replied that "it definitely resembles the one that I had." Asked whether she doubted the police officers when "they say that's the vape pen that they got from your purse," appellant responded, "I do."

In closing argument, counsel for appellant acknowledged there was no question that cocaine was present in the vape pen cartridge and that "[i]t's her pen, yeah, we know that." Rather, the question was "whether [appellant] knowingly had possession and she knew that particular pen had cocaine in it." Counsel disputed the Commonwealth's "evidence that there's knowledge that there's cocaine there" and maintained that there was "reasonable doubt in this case that somebody else had adulterated [the vape pen]. We know who that other person was, Mr. Campbell."

The trial court convicted appellant of possession of a controlled substance, stating that it was "telling to me that [appellant] didn't say . . . for sure that she didn't know" when she had last used the vape pen; "It seemed that she just didn't answer it, and that was telling to me." Based upon appellant's response, together with the other evidence, the court held that appellant "had

knowledge of the contents of the vape pen. . . . It was found in her possession. She's admitted using it, and said it was in use recently before May 12th."

This appeal followed.

## II. ANALYSIS

Appellant argues that the trial court erred in finding the evidence sufficient to prove that she had knowledge of the nature and character of the vape pen's contents.[2]

"When considering the sufficiency of the evidence, an appellate court views the evidence 'in the light most favorable to the Commonwealth, the prevailing party below.'" Williams v. Commonwealth, 71 Va. App. 462, 483 (2020) (quoting Smallwood v. Commonwealth, 278 Va. 625, 629 (2009)). "This deferential standard 'requires us to discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn' from that evidence." Smith v. Commonwealth, 72 Va. App. 523, 532 (2020) (alteration in original) (quoting Green v. Commonwealth, 72 Va. App. 193, 200 (2020)). "It 'is within the province of the [trier of fact] to determine what inferences are to be drawn from proved facts, provided the inferences are reasonably related to those facts.'" Burton v. Commonwealth, 58 Va. App. 274, 283 (2011) (alteration in original) (quoting Beck v. Commonwealth, 2 Va. App. 170, 176 (1986)). "In

---

[2] The Commonwealth contends that appellant failed to preserve her argument below because she made no motion to strike at the close of all the evidence, presented her argument only in closing, and focused her argument only on reasonable doubt rather than the sufficiency of the evidence; thus, Rule 5A:18 bars this Court's consideration of her argument. We reject this contention because the Commonwealth's argument relies upon Dickerson v. Commonwealth, 58 Va. App. 351 (2011), a case applying an earlier iteration of Rule 5A:18 which contained language at variance with the current Rule. Compare id. at 356 (noting that under the earlier version of Rule 5A:18, an objection had to be "stated together with the grounds therefor"), with Rule 5A:18 (requiring only that an objection be "stated with reasonable certainty"). We conclude that appellant's closing argument, in which she challenged whether the evidence established her knowledge of the nature and character of the vape pen's contents, stated her objection with the requisite certainty to inform the trial court of her argument and preserve that argument for appellate review.

conducting a sufficiency analysis, the appellate court does not 'substitute its own judgment for that of the trier of fact,'" and "'will not disturb the trial court's judgment unless it is plainly wrong or without evidence to support it.'" White v. Commonwealth, 68 Va. App. 241, 246-47 (2017) (first quoting Parham v. Commonwealth, 64 Va. App. 560, 565 (2015); then quoting Molina v. Commonwealth, 272 Va. 666, 671 (2006)). "Rather, the relevant question is . . . whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Dietz v. Commonwealth, 294 Va. 123, 132 (2017) (quoting Bowman v. Commonwealth, 290 Va. 492, 496 (2015)).

Code § 18.2-250(A) provides that, absent certain qualifying exceptions that are not present in the instant case, it is unlawful for any person "knowingly or intentionally to possess a controlled substance." However, "[a]ctual or constructive possession alone is not sufficient" to convict a defendant under the statute. Young v. Commonwealth, 275 Va. 587, 591 (2008). Instead, "'[t]he Commonwealth must . . . establish that the defendant intentionally and consciously possessed [the drug] *with knowledge of its nature and character*.' That knowledge is an essential element of the crime." Yerling v. Commonwealth, 71 Va. App. 527, 534 (2020) (first and third alterations in original) (quoting Young, 275 Va. at 591). "Such knowledge may be shown by evidence of the acts, statements or conduct of the accused. Other circumstantial evidence may also support a finding of a defendant's knowledge of the nature and character of the substance in his possession." Young, 275 Va. at 591. Circumstantial evidence "'is as competent and is entitled to as much weight as direct evidence,'" and although "'no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion.'" Williams, 71 Va. App. at 484-85 (alteration in original) (first quoting Breeden v. Commonwealth, 43 Va. App. 169, 177 (2004); then quoting Commonwealth v. Moseley, 293 Va. 455, 463 (2017)).

Appellant argues that the only evidence supporting her knowledge of the nature and character of the cocaine in the vape pen was her proximity to the vape pen and her ownership of the purse. She contends that neither her conduct nor her statements "would lead the factfinder to reasonably infer that she was aware that the vape pen contained any illicit substance, much less cocaine."

Contrary to appellant's argument, we conclude that sufficient evidence established appellant's knowledge of the nature and character of the cocaine in the vape pen. While Officers Hance and Ernst were at La Vardine's home on May 12, 2018, she expressed a concern that her daughter, appellant, was using illegal drugs. Officer Hance testified that he had concluded from appellant's behavior that she was "under the influence of some sort." When appellant allowed Hance to search her purse, the officer found a vape pen, which he testified was "an object that somebody uses to smoke either vape or some type of drugs, whatever that would be." Upon analysis by the Virginia Department of Forensic Science, the vape pen was found to contain cocaine. This circumstantial evidence—appellant's possession of the cocaine-filled vape pen, together with Hance's observation that appellant appeared to be under the influence of something and La Vardine's expression of concern that her live-in daughter was taking drugs—supports the reasonable inference that appellant knew of the character and nature of the vape pen's contents because she was using drugs that day.

Further, appellant testified that she had a vape pen because she was trying to quit smoking cigarettes and was under medication treatment from a physician, "and the next step was vaping, to transition from cigarettes." Yet despite her testimony that her vape pen was for use in weaning herself off cigarettes and that "it was something that . . . would have been in use," appellant could not "pinpoint [the] specific day" on which she had last used the vape pen prior to May 12, 2018. The trial court found appellant's testimony on this question "telling." A

reasonable trier of fact could infer from appellant's testimony—that she was using the vape pen to help her quit smoking cigarettes, and yet could not identify when she had last used the vape pen prior to its seizure by police—that she was lying to conceal her guilty knowledge that her vape pen contained cocaine. See Poole v. Commonwealth, 73 Va. App. 357, 369 (2021) (noting that a trier of fact is "at liberty to discount [a defendant's] self-serving statements as little more than lying to conceal his guilt" (quoting Becker v. Commonwealth, 64 Va. App. 481, 495 (2015))); Covil v. Commonwealth, 268 Va. 692, 696 (2004) ("A false or evasive account is a circumstance . . . that a fact-finder may properly consider as evidence of guilty knowledge."). Likewise, appellant's testimony that the vape pen entered into evidence "resemble[d]" the one that she owned, but that she doubted it was the specific vape pen found in her purse, supports a reasonable inference that appellant had known that her vape pen contained cocaine and sought through her testimony to distance herself from the object and thus conceal her guilt.

Appellant urges a different conclusion, arguing that the instant case is analogous to Young and Yerling. However, both those cases are distinguishable because, unlike in the instant case, there was no evidence of the defendants' knowledge of the nature and character of the drugs beyond their mere proximity to or possession of the drugs. See Young, 275 Va. at 592-93 (reversing this Court and dismissing the indictment when, after certain of the defendant's statements were suppressed, "the record [was] devoid of evidence of any acts, statements or conduct tending to show guilty knowledge"); Yerling, 71 Va. App. at 534-35 (reversing the conviction in part because there was no evidence to support an inference of knowledge where the defendant was a passenger in a car containing one Oxycodone pill, the pill's nature and character were not immediately apparent, and "there was no evidence to indicate that [the defendant] was

any more informed" of the pill's nature and character than the police).[3]  Accordingly, we reject appellant's argument.

Because the combined force of the circumstances could have led a rational trier of fact to find that appellant knew the nature and character of the vape pen's contents, we conclude that the trial court did not err in finding the evidence of appellant's knowledge sufficient.  Accordingly, we will not disturb the trial court's judgment.

III.  CONCLUSION

For the foregoing reasons, we conclude that the evidence was sufficient to support appellant's conviction, and thus we affirm the trial court.

Affirmed.

---

[3] Appellant further argues that Sierra v. Commonwealth, 59 Va. App. 770 (2012), "provide[s] additional guidance on what evidence is necessary to infer . . . knowledge" and that the evidence in the instant case was insufficient because, unlike in Sierra, "there [was] no . . . specific detailed testimony from [the] officer" about why he believed contraband was present. However, Sierra does not stand for the proposition, as appellant implies, that such officer testimony is "necessary" to infer knowledge.  See id. at 784.  Further, Sierra is distinguishable from the instant case.  In Sierra, there was no further evidence beyond possession and the officer's testimony to support the defendant's knowledge of the drugs' nature and character.  See id.  Here, however, appellant's conduct on May 12, 2018, her mother's comment to Officer Hance, and appellant's own testimony support her knowledge that the vape pen contained drugs.