COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Athey and Friedman
Argued by videoconference

UNPUBLISHED

ANDRE PIERRE BEAL

MEMORANDUM OPINION* BY
v.       Record No. 0266-21-3            JUDGE FRANK K. FRIEDMAN
                                          MARCH 8, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

(Michael A. Nicholas; Daniel, Medley & Kirby, P.C., on brief), for
appellant.  Appellant submitting on brief.

Jason D. Reed, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.


Andre Pierre Beal appeals from his conviction for possession of cocaine, arguing that the

evidence was insufficient to show that he knowingly possessed an illegal substance.  For the reasons

that follow, we affirm the judgment of the trial court.

I.  BACKGROUND

On March 17, 2019, Beal was the rear passenger in a vehicle stopped by Martinsville

police for faulty exhaust.  The officers received information that the front passenger was wanted,

and they removed him from the vehicle.  As he exited the car, one of the officers saw a cut straw

with white powder residue next to the front passenger seat.  The officers then removed the driver

and Beal from the vehicle.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

When Beal stepped out of the car, a tightly rolled dollar bill fell from his lap onto the ground. Beal cursed and attempted to reach down and retrieve the bill. At the end of the traffic stop, he asked for the dollar bill back. The bill was found to contain enough cocaine residue to have stained it a tan color. One of the officers testified at trial that rolled dollar bills are often used as a straw to administer narcotics.

When the officers searched the front area of the vehicle, they located a blue zipper case containing small bags of what appeared to be heroin and a black backpack containing used syringes, a spoon, and two cut straws with residue. They found thirty-three syringes in the driver's purse, and they found a bag with tan powder and a smoking device on the front passenger floorboard. They also found scales in the front passenger door. When the officers searched the rear portion of the vehicle, they found a bag with heroin residue inside it.[2]

At trial, Beal stated that he was getting a ride home and that he did not know there were drugs in the vehicle. He testified first that he had gotten the dollar bill from another person, then that he had gotten it from a store. He denied using the bill to consume narcotics or knowing that it had drug residue on it. He testified that the bill was on his lap for "no reason" and that he had reached down to retrieve it because it was his money. Beal's testimony was impeached by his prior felony convictions.

The trial court found that Beal "clearly" was in possession of the dollar bill, stating:

> [I]t is quite obvious to the Court that the defendant is lying to
> conceal his guilt. The defendant knew darn well that he had a
> tightly rolled dollar bill on his lap, and that that dollar bill
> contained cocaine because he had used it for that very purpose, and
> that was the reason why it was in his lap. That was also the reason
> why he uttered the profanity because when he dropped the tightly
> rolled dollar bill on the ground, he knew then and there that that

---

[2] Beal was charged with possession of heroin as well as possession of cocaine. The court convicted Beal for possession of cocaine. The trial court acquitted him of the heroin charge at the same trial that led to the present appeal, finding insufficient evidence to prove Beal was knowingly in possession of the heroin.

was a terrible mistake on his part because the police officer could see what was on the ground, and he knew, that is the defendant knew, that this was evidence of his guilt of possession, and that is why he said the word.

Beal was convicted of possession of cocaine. Beal now assigns error to the trial court's finding that the evidence was sufficient to support his conviction.

## II. ANALYSIS

When reviewing a claim related to the sufficiency of the evidence, this Court must consider the evidence in the light most favorable to the Commonwealth, and the judgment of the trial court may be reversed only when its decision "is plainly wrong or without evidence to support it." *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "[T]he relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (emphasis in original) (quoting *Dietz v. Commonwealth*, 294 Va. 123, 132 (2017)). Furthermore, appellate courts must "discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Gerald v. Commonwealth*, 295 Va. 469, 473 (2018).

Beal was convicted under Code § 18.2-250, which reads in part:

It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by the Drug Control Act.

In order to prove possession, the Commonwealth must show "that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." *Gillis v. Commonwealth*, 215 Va. 298, 301 (1974). Knowing

- 3 -

and intentional possession may be proven "by evidence of the acts, statements or conduct of the accused." *Young v. Commonwealth*, 275 Va. 587, 591 (2008). Beal argues that the Commonwealth's evidence "did not prove that [Beal] knew, at the time he possessed the dollar bill, that there was heroin [sic] residue on that dollar bill."

The evidence at trial established that the dollar bill was rolled up tightly, which is an indication of drug use. Beal acknowledged that the bill was his, cursed when he dropped it in front of the police, and gave conflicting statements as to where he got it. He offered no explanation for why he had a dollar bill in his lap or why it was tightly rolled. Though Beal denied knowing there were drugs in the vehicle, he was riding in a car containing illegal narcotics and drug paraphernalia.

The trial court found that Beal's curse when he dropped the bill in front of the police was an indication of guilty knowledge. As Beal's "acts, statements or conduct" may be used to show knowing possession, *id.*, the trial court's finding was not plainly wrong under our deferential standard of review. Notably, Beal also requested that the dollar bill be returned to him at the end of the traffic stop; a reasonable fact-finder could infer from this request that Beal wanted the bill back because he knew it could be used as evidence against him. The trial court further noted that Beal's testimony was impeached by his multiple prior convictions.

The trial court found that Beal "was lying to conceal his guilt" and that he knew that the dollar bill contained cocaine. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Sandoval v. Commonwealth*, 20 Va. App. 133, 138 (1995). Issues of credibility "will not be disturbed on appeal unless plainly wrong." *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991). The trial court here was not plainly wrong in its credibility determinations regarding Beal's testimony. "In its role of judging witness credibility, the fact

finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998).

The trial court's finding that Beal knowingly and intentionally possessed cocaine was not plainly wrong or without evidence to support it. Therefore, the judgment of the trial court is affirmed.

*Affirmed.*